# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| ZBIGNIEW M. LASKOWSKI, | No. 52277-2-II |
| Appellant, | |
| v. | |
| STATE OF WASHINGTON, DEPARTMENT OF LABOR AND INDUSTRIES, | UNPUBLISHED OPINION |
| Respondent. | |

Lee, A.C.J. — Zbigniew M. Laskowski appeals the superior court's order dismissing his appeal of the Board of Industrial Insurance Appeals's order fixing interest owed to him by the Department of Labor & Industries. Because none of Laskowski's arguments demonstrate the Board's order fixing interest was incorrect, we affirm.

## FACTS

In January 2006, Laskowski suffered an industrial injury to his back. In November 2014, the superior court ordered the Department to recalculate the amount of Laskowski's time loss benefits based on income that was not included in the prior calculation. The Department complied with the superior court's order and recalculated Laskowski's time loss benefits and social security offset. The Department paid Laskowski an additional time loss benefit award based on its recalculation.

The Department then sought an order from the Board to pay Laskowski interest based on the Department's recalculation of Laskowski's time loss benefit award. The Board calculated the amount of interest owed based on the Department's recalculation and entered an order awarding Laskowski $1,712.81 and his beneficiary $28.49 in interest.

Laskowski appealed the Board's order regarding interest to the superior court. The superior court ordered the Board to supplement the record with an explanation of how the interest was calculated. The Board complied with the superior court's order and provided a detailed explanation and accounting of the interest calculation.

Laskowski challenged the Board's interest calculation by arguing that the Department's recalculation of the time loss benefit was incorrect. The superior court found that the Board properly calculated the interest based on the time loss benefit recalculation provided by the Department and concluded that Laskowski failed to meet his burden to show error. Therefore, the superior court dismissed Laskowski's appeal with prejudice.

Laskowski appeals the superior court's order dismissing his appeal of the Board's order awarding interest based on the Department's recalculated time loss benefit.[1]

---

[1] While this appeal was pending, we allowed Laskowski to supplement the record with records from his other appeals. However, this case was not consolidated with his other appeals and allowing Laskowski to supplement the record did not broaden the scope of this appeal. This appeal is limited to whether the superior court erred by dismissing Laskowski's challenge of the Board's order fixing interest.

Laskowski was also allowed to file supplemental briefing regarding the supplemental record. However, Laskowski's supplemental brief does not address any errors in the Board's order fixing interest. Instead, Laskowski argues why the additional orders contained in the supplemental records should be reversed. Those orders, however, are appealed under different cases which have not been consolidated with this appeal. Therefore, neither the supplemental records nor Laskowski's supplemental briefing change the outcome of this appeal.

ANALYSIS

This appeal is limited to the Board's order fixing interest on the Department's recalculation of Laskowski's time loss benefit. Laskowski is appealing the Department's order determining the recalculated amount of his time loss benefit under a separate action, which has not been consolidated with this case. Because Laskowski's arguments relate only to the Department's recalculation of his time loss benefit and not to the Board's actual calculation of interest, we affirm.

Our review of the superior court decision is governed by RCW 51.52.140. RCW 51.52.140 states that an "[a]ppeal shall lie from the judgment of the superior court as in other civil cases." The statutory scheme results in a different role for this court than is typical for appeals from administrative decisions. *Rogers v. Dep't of Labor & Indus.*, 151 Wn. App. 174, 180, 210 P.3d 355, *review denied*, 167 Wn.2d 1015 (2009).

Under Washington's Industrial Insurance Act (IIA), the Board's orders are prima facie correct, and the party challenging the order has the burden of proof. RCW 51.52.115; *Rogers*, 151 Wn. App. at 180. Unlike a typical appeal governed by the Administrative Procedures Act, chapter 34.05 RCW, in an appeal governed by the IIA, we do not sit in the same position as the superior court. *Rogers*, 151 Wn. App. at 180. Instead, we review only " 'whether substantial evidence supports the trial court's factual findings and then review, de novo, whether the trial court's conclusions of law flow from the findings.' " *Id.* (quoting *Watson v. Dep't of Labor & Indus.*, 133 Wn. App. 903, 909, 138 P.3d 177 (2006)). Substantial evidence is evidence "sufficient to persuade a rational, fair-minded person that the finding is true." *Cantu v. Dep't of Labor & Indus.*, 168 Wn. App. 14, 21, 277 P.3d 685 (2012). We review the record in the light most favorable to the party

who prevailed in superior court. *Harrison Mem'l Hosp. v. Gagnon*, 110 Wn. App. 475, 485, 40 P.3d 1221 (2002).

If a worker or beneficiary prevails in an industrial insurance appeal, he or she is entitled to "interest at the rate of twelve percent per annum on the unpaid amount of the award." RCW 51.52.135(1), (3); WAC 263-12-160(1). The Board retains jurisdiction over all cases for the purpose of fixing interest in accordance with court orders resulting from additional appeals. WAC 263-12-160(2). WAC 263-12-160(5) governs orders fixing interest:

> Upon receipt of all required information, interest will be calculated by the board at twelve percent per annum from the date of the department order granting the award in an appeal by the employer or the date of the department order denying payment of the award in a qualifying appeal by a worker or beneficiary. Thereafter, the board will enter an order fixing the amount of interest to be paid by the party having the obligation to pay the award as a result of the board's final order. Such interest shall be paid in full to the worker or beneficiary and is not subject to any claim for attorney's fees.

*See also* RCW 51.52.135(1), (3).

Here, the Board submitted a detailed explanation and accounting showing how it calculated the interest in its order based on the information received from the Department. This detailed explanation provided substantial evidence supporting the superior court's finding that the Board properly calculated the interest.

Laskowski's arguments focus on issues regarding the Department's recalculation of the time loss benefit, social security offset, and application of cost of living increases. However, those determinations are the subject of different orders that are not the subject of this appeal.

The calculation of interest does not require the Board to make an independent determination of the underlying award amount to be paid. RCW 51.52.135(1), (3); WAC 263-12-

No. 52277-2-II

160(5). Rather, the Department provides the Board with the "unpaid amount of the award," which the Board then uses to calculate interest based on that unpaid amount of the award. RCW 51.52.135(1), (3); WAC 263-12-160(5). That is what the Board did here—the Board calculated interest based on the Department's recalculated unpaid time loss award in accordance with the applicable statute and regulation. Laskowski does not challenge the Board's method of calculating interest or the superior court's finding.

Laskowski has not demonstrated any error in the order on appeal—the Board's order fixing interest. Therefore, the superior court correctly concluded that Laskowski had failed to meet his burden to show error and correctly dismissed Laskowski's appeal.

We affirm.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

_____, A.C.J.
Lee, A.C.J.

We concur:

_____
Sutton, J.

_____, J.P.T.
Martin, J.P.T.

5